UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>RON BROOMFIELD, Acting Warden, San Quentin State Prison,<br><br>    Respondent. | Case No. 3:97-cv-20618-WHO<br><br>**<u>DEATH PENALTY CASE</u>**<br><br>**JUDGMENT** |

The May 9, 2022, Order on Remand (Dkt. No. 592) recites my essential findings and conclusions on remand from the decision in *Clark v. Chappell*, 936 F.3d 944, 972-73 (9th Cir. 2019) (per curiam) and is hereby incorporated into this judgment. In summary, those findings were that, as respondent concedes, the juror misconduct involving juror Fredrick Barnes during petitioner Richard Dean Clark's trial was presumptively prejudicial as to the jury's penalty phase verdict imposing a death sentence on Clark. I further found that respondent has failed to carry his burden of showing that this presumptively prejudicial error was harmless, as required by *Godoy v. Spearman*, 861 F.3d 956 (9th Cir. 2017). I therefore concluded that, on the current record, Clark's rights to due process and an impartial jury were violated when he was sentenced to death.

Considering that both parties requested an evidentiary hearing in their post-remand briefing, the parties were invited to describe what additional evidence might be offered in an evidentiary hearing pursuant to *Godoy*. Both parties have now indicated that, after further investigation, there is nothing more to add to the record in the inquiry required by *Godoy*. Accordingly, for the reasons summarized above and explained more fully in the Order on Remand, Clark is entitled to a grant of the writ of habeas corpus with respect to Claim XVII.4(p) of the

1  operative Fifth Amended Petition (Dkt. No. 451). This grant is limited to Claim XVII.4(p)'s sentence-related allegations. To the extent Claim XVII.4(p) alleges any constitutional infirmity with Clark's judgment of conviction, as stated in the Order on Remand, no relief is warranted and, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is denied.[1]

As described above and in the Order on Remand, the petition for writ of habeas corpus is GRANTED IN PART and judgment is hereby entered in favor of Clark and against respondent. In view of this grant of habeas relief, Clark is entitled to a new penalty phase trial. Within 120 days of the entry of this judgment, the State of California shall commence proceedings to retry Clark's penalty phase or shall vacate the death sentence and resentence Clark in accordance with California law and the United States Constitution.

**IT IS SO ORDERED**.

Dated: July 14, 2022

William H. Orrick
United States District Judge

---

[1] As pleaded, Claim XVII.4(p) appears to allege only sentence-related constitutional infirmities. Clark alleges that Barnes "consulted with a religious figure about the propriety of voting for the death penalty," and, as a result of this interaction, "Barnes decided to vote for a sentence of death." He further alleges that "it is constitutionally impermissible to rest a death sentence on religious grounds and on a determination made by a sentencer who believes that responsibility for determining the appropriateness of the penalty lies elsewhere." Nevertheless, on remand, Clark argued that Barnes's actions tainted the jury's guilt phase verdict in addition to its penalty phase verdict. Construing the petition liberally, this argument was considered and rejected in the Order on Remand.