UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD DEAN CLARK,<br><br>    Petitioner,<br><br>    v.<br><br>OAK SMITH, Acting Warden of California State Prison at San Quentin,<br><br>    Respondent. | Case No. 3:97-cv-20618 (WHO)<br><br>**CAPITAL CASE**<br><br>**ORDER GRANTING MOTION TO EXTEND TIME FOR RESENTENCING**<br><br>Re: Dkt. No. 600 |

I granted Petitioner partial habeas relief on July 14, 2022, ordering Respondent either to vacate Petitioner's death sentence and resentence him in accordance with the United States Constitution and California law or to commence proceedings to retry his penalty phase within one-hundred and twenty days of the order. (Dkt. No. 595.) I have now granted two requests to extend the deadline, allowing the State until March 31, 2023, to complete the conditions of the habeas relief order. (Dkt. No. 597; Dkt. No. 599.) Respondent requests an additional extension until June 1, 2023, to complete the resentencing. For good cause shown, the motion is granted.

Petitioner and Respondent agree that the State originally needed more time to comply with my order, and Petitioner subsequently required additional time to challenge the special circumstance found in his case. (Dkt. No. 600 at 1; Dkt. No. 601 at 1-2.) The parties agreed to a hearing in state court on March 14, 2023, during which the superior court denied the motion to strike the special circumstance. (Dkt. No. 600 at 2.) The court at the hearing also "determined that life without the possibility of parole would be imposed for the murder charge that was the subject of the writ." (*Id.*) The superior court, however, did not impose a sentence or restitution fines for Petitioner's rape conviction under the same indictment because it required a new

probation report. (*Id.*; Dkt. No. 602 at 1.) Respondent requests additional time from me for the superior court to complete the sentencing process at a hearing set for May 9, 2023. (*Id.*)

Petitioner opposes the request for an extension of time, arguing that Respondent has not properly requested the extra time through a motion pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 601 at 2.) Petitioner relies on *Harvest v. Castro*, 532 F.3d 737 (9th Cir. 2008), which required such a motion to modify a conditional writ of habeas corpus. Arguing that Respondent failed to meet the conditions of the original writ, Petitioner asks me to issue an order directing the State to "resentence Petitioner within 60 days to life without parole for first degree murder, or any lesser sentence available under state law, or release [Petitioner]." (*Id.* at 3.)

In the original habeas proceeding detailed in *Harvest*, the Ninth Circuit granted the petitioner habeas relief, instructing the district court to order the state "to release the petitioner unless the state either modifies the conviction to one for second degree murder or retries the petitioner." *Harvest*, 531 F.3d at 740. The state did not commence proceedings as directed by the conditional writ from the district court within the allowed time period. *Id.* Two months after the deadline had passed, the state's attorney admitted that he had committed a "professionally inexcusable" error by assuming that he did not have to inform the district attorney of the federal court's order. *Id.* at 740-41. The Ninth Circuit concluded that in order to request modification of a conditional writ of habeas corpus whose time has elapsed, a party must file a motion pursuant to Federal Rule of Civil Procedure 60(b), which "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Id.* at 744-45 (quoting *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005)). The state in *Harvest* did not satisfy any of the Rule 60(b) provisions that would have allowed for modification of the order, so the Ninth Circuit ordered the state to release the petitioner. *Id.* at 750.

*Harvest* is distinguishable from the present case. After receiving two agreed-upon extensions to the deadline proposed by the conditional writ, the State essentially complied with my order, vacating the death sentence and commencing proceedings to resentence Petitioner on March 14, 2023, prior to the Court's March 31, 2023 deadline. (Dkt. No. 602 at 1.) On that date, the

1  superior court denied Petitioner's motion to strike the special circumstance and stated its intent to
2  sentence Petitioner to life without the possibility of parole, as required by state law for a first-
3  degree murder conviction with a finding of a special circumstance. (*Id.* at 3.) That the State has
4  not completed the resentencing, for want of a probation report addressing the convictions under
5  the indictment not affected by the conditional writ, does not undermine the fact that it has
6  commenced proceedings as required and has vacated Petitioner's death sentence. *See Fisher v.*
7  *Rose*, 757 F.2d 789, 791 (6th Cir. 1985) ("A conditional grant of a writ of habeas corpus requires
8  the petitioner's release from custody if new proceedings are not commenced by the state within
9  the prescribed time period."). Petitioner cannot dispute that the State has commenced proceedings
10 to resentence him in compliance with the United States Constitution and California law. The State
11 should be allowed time to complete that process.

For good cause shown, the motion for extension of time is **GRANTED**, and the time for the resentencing of Petitioner ordered on July 14, 2022, is hereby extended to June 1, 2023.

**IT IS SO ORDERED.**

Dated: April 26, 2023



William H. Orrick
United States District Judge

3